# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

BRUCE WELLMAN, )
        Plaintiff, )
v. ) No. 4:09CV1109 DJS
MISSOURI DEPARTMENT OF )
CORRECTIONS, et al., )
        Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Bruce Wellman (registration no. 9483), an inmate at Tipton Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $19.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $95.04, and an average monthly balance of $16.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $19.00, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the Missouri Department of Corrections ("MDOC"), Correctional Medical Services ("CMS"), John Doe 1 (Medical Director, Missouri Eastern Correctional Center ("MECC")), John Doe 2 (Doctor, MECC), John Doe 3 (Doctor, Northeast Correctional Center ("NECC")), John Doe 4 (Doctor, Algoa Correctional Center ("ACC")), John Doe 5 (Doctor, Tipton Correctional Center ("TCC")), M. Sands (Assistant Regional Director of CMS), J. Cofield (Regional Director of Constituent Services, MDOC), Jennifer Koppen (Nurse, ACC), Unknown Lentz (Doctor, TCC), Rex Hardman (Doctor, ACC), and Kim Coulson (Nurse, TCC). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that during August 2006 he was transferred to NECC. Plaintiff says that he saw John Doe 3 for pain and "fatigue" in his right knee. Plaintiff claims that John Doe 3 gave plaintiff a knee brace and told plaintiff there was nothing else he could do for plaintiff.

Plaintiff states that during August 2007 he was transferred to MECC. Plaintiff maintains that he saw John Doe 2 for his knee pain. Plaintiff says that he had developed a cyst in his right knee at that time. Plaintiff claims that John Doe 2 sent plaintiff to see an outside doctor for X-rays. Plaintiff avers that he saw two outside

orthopedic surgeons, both of whom were unable to do anything for plaintiff's knee. Plaintiff says that one of the surgeons told plaintiff that he could not operate on the cyst without damaging the nerves in plaintiff's knee.

Plaintiff claims that during July 2008 he was transferred to ACC. Plaintiff states that he requested to see a doctor in August 2008 and that he was not seen until October 2008. Plaintiff claims that on October 21, 2008, he saw John Doe 4, who attempted to drain the cyst but could not do so.

Plaintiff maintains that he filed his first grievance on October 27, 2008.

Plaintiff says that he was taken to an outside orthopedic surgeon again on December 11, 2008, who told plaintiff he needed surgery to correct the underlying condition.

Plaintiff alleges that he saw John Doe 4 again on December 17, 2008, and that John Doe 4 recommended that plaintiff be transferred to a more appropriate facility and given surgery to correct the right knee. Plaintiff says that the surgery was never performed.

Plaintiff claims that on January 29, 2009, he was transferred to TCC. Plaintiff says that he was given pain medicine called Tramidol for some time at TCC but that it was abruptly discontinued. Plaintiff states he was given Ibuprofen instead. Plaintiff alleges that he asked "the nurse" about his Tramidol and that she told him he could not

receive the drug unless he were placed in the infirmary. Plaintiff claims the nurse wrapped his right knee in wet towel and applied a heating pad. Plaintiff says that the nurse told him to return to medical twice a day for three days to receive this treatment. Plaintiff claims that he quit the treatment against the medical advice of the medical staff because he found it painful. Plaintiff states he was given more Ibuprofen.

**Discussion**

1. <u>Permissive Joinder</u>

The complaint contains allegations against eleven individuals who work at four separate prison facilities. At issue is whether the defendants are properly joined. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series

of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action."

The discretionary actions taken by different medical officials at different prisons do not constitute the same series of transactions and occurrences with common questions of fact common to each of the defendants. Each of the physicians made an independent judgment about plaintiff's condition as it appeared to them at the time; and plaintiff admits that his condition was different at each of the facilities. As a result, the defendants who work at separate facilities from one another are not properly joined under Rule 20(a)(2).

Because the allegations against John Doe 3 appear first in the complaint, the Court will review the claims against John Doe 3 under 28 U.S.C. § 1915(e). The Court will also consider the allegations against MDOC and CMS as they relate to plaintiff's time spent at NECC. The other individual defendants are not properly joined. As a result, the Court will dismiss the complaint as to defendants John Doe 1, John Doe 2, John Doe 4, John Doe 5, M. Sands, J. Cofield, Jennifer Koppen, Unknown Lentz, Rex Hardman, and Kim Coulson without prejudice.

2.  28 U.S.C. § 1915(e) Review

The complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit

under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim against defendant CMS, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff's allegations against John Doe 3 fail to state a claim for unconstitutional medical mistreatment. Plaintiff says that he saw John Doe 3 for pain and "fatigue" and that John Doe 3 gave plaintiff a knee brace. These allegations fail to show a sufficiently serious injury or that John Doe 3 was deliberately indifferent to plaintiff's injury. Additionally, plaintiff alleges in a conclusory fashion that a policy of CMS led to his injuries. First, conclusory allegations are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1950-51. Second, plaintiff has failed to demonstrate that officials at

NECC violated his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to John Doe 3 or CMS.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $19.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. 28 U.S.C. § 1915(e).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   3rd   Day of August, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE